IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VINEWOOD CAPITAL, L.L.C. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:06-CV-316-Y |
| | § | |
| DAR AL-MAAL AL-ISLAMI, | § | |
| ET AL. | § | |

ORDER GRANTING MOTION TO
RETAIN AND TO EXTEND TIME FOR SERVICE OF PROCESS

On 5 September 2006, the Court notified plaintiff Vinewood Capital, L.L.C. (Vinewood), of its intention to dismiss the above-styled and -numbered case without prejudice if Vinewood failed to file proof of service of process as required under local rule 4.1 by 22 September.  On 26 September, Vinewood filed a motion requesting that the Court retain this case on its docket and grant a four-month extension of time to accomplish service of process.[1]  Defendant Nexus Investment Fund I, Ltd. (Nexus), opposes the motion and argues that the Court should dismiss this case without prejudice.  After review of the motion, the response and the reply, the Court concludes that Vinewood's motion should be GRANTED.

Vinewood filed its complaint on 2 May 2006 in the 67th District Court of Texas, Tarrant County.  Shortly thereafter, Nexus removed this case from that court to this Court with the consent of the other defendants.  Vinewood attempted service of process on all of the defendants through the Texas secretary of state.  However, service of process through the Texas secretary of state could not be effected because all of the defendants are located overseas.  Defendant Dar Al-Maal Al-Islami is registered in the Bahamas; defendant Nexus is

_____

[1] Vinewood's motion was originally filed on 22 September 2006, but was subsequently ordered unfiled because there was no signature on the motion.

registered in the Cayman Islands; and defendants Abdulla-Janahi and Rawashdeh are located in Geneva, Switzerland.

On 23 May 2006, James McGuire, attorney for the defendants, sent a letter to Susan Hutchison, attorney for Vinewood, stating that all of the defendants would reject service of process through the Texas secretary of state and demand that service of process be accomplished in accordance with the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, 15 November 1965 (hereinafter Hague Convention).  On 26 July, Hutchison sent McGuire a request for waiver of service.  McGuire responded the next day indicating that all of the defendants refused to waive service of process and asserted their entitlement "to be served with process according to the Hague Convention . . . ."

After receiving the defendants' refusal to waive service of process, Hutchison began searching for a company with the expertise and capability to accomplish service of process in accordance with the Hague Convention.  By 19 September, Hutchison secured the services of Process Forwarding International to accomplish service of process in accordance with the Hague Convention.  Vinewood has spent $2912.00 in fees for service of process and for translations of the documents to be served.

Nexus opposes Vinewood's request for an extension of time to effect service of process and argues that the Court should dismiss this case without prejudice.  Nexus argues the Court should deny Vinewood's motion because, 1) Hutchison failed to confer with McGuire prior to filing Vinewood's motion in accordance with local rule 7.1(a); 2) Vinewood fails to establish good cause for its failure to

effect service of process within 120 days of the filing of this case; and, 3) Vinewood is currently engaged in arbitration regarding "this very dispute" with "affiliates of defendants Nexus and Dar al-Maal al-Islami Trust . . . ."

The Court finds Nexus's arguments opposing Vinewood's motion unpersuasive. First, Hutchison's failure to confer with McGuire prior to filing Vinewood's motion is excusable since no defendant in this case has either been served or has made an appearance. While local rule 7.1 generally requires the parties to confer before filing a motion for an extension of time, that rule contemplates a conference between parties that have been served or otherwise have appeared in the litigation. By requiring Hutchison to confer with McGuire in this instant would allow for McGuire to get the defendants objections or opposition to Vinewood's motion before the Court without ever entering an appearance.

Furthermore, based on McGuire's letters of 23 May and 27 July demanding service of process through the Hague Convention and Nexus's opposition to Vinewood's motion, the Court believes that a conference between Hutchison and McGuire would have been a waste of time. Thus, the Court concludes that Hutchison's failure to confer with McGuire excusable.

Second, the Court concludes that Vinewood has established good cause for an extension of time to accomplish service of process. Under FED.R.CIV.P. 4(m), an extension to time to accomplish service of

process is "mandatory when the plaintiff shows good cause." *Thompson*

*v. Brown,* 91 F.3d 20, 21 (5th Cir. 1996).

> To establish good cause, a litigant must demon-
> strate at least as much as would be required to
> show excusable neglect, as to which simple inad-
> vertence or mistake of counsel or ignorance of the
> rules usually does not suffice. Additionally, the
> claimant must make a showing of good faith and
> establish some reasonable basis for noncompliance
> within the time specified.

*Systems Signs Supplies v. United States Dep't of Justice,* 903 F.2d

1011, 1013 (5th Cir. 1990)(internal quotations and citations omitted).

Here, Vinewood has made a showing of good faith and has established a

reasonable basis for its failure to serve the defendants within the

court-imposed time limit.  Vinewood first attempted service of process

through the Texas secretary of state.  Although the defendants were

not required under the law to accept service of process in this

manner, they were registered with the Texas secretary of state and

could have chosen to accept service in this manner.  Vinewood's

attempt to serve the defendants in this manner was not an unreasonable

effort to easily accomplish service and limit the costs associated

with international service of process—in the hope of receiving the

defendants' acquiescence.

But after receiving the letter from McGuire indicating that the

defendants would not accept service through the Texas secretary of

state, Vinewood then attempted to garner the defendants' waiver of

service.  The defendants refused and argue that they have no duty to

waive service and avoid unnecessary costs associated with service of

process.   However, Fed.R.Civ.P. 4(d) specifically states that foreign defendants have "a duty to avoid unnecessary costs of serving the summons."   The defendants all do business in Texas and are registered with the Texas secretary of state.   Neither in McGuire's letters to Hutchison nor here do any of the defendants offer an explanation as to why an alternative to service of process through the Hague Convention is not possible.   The Court has taken note of the defendants refusal to make themselves more amendable to service of process without any explanation other than that they "reserve all of their rights regarding service of process" under the Hague Convention.

Vinewood then sought out a company capable of accomplishing service of process in accordance with the Hague Convention.   While Nexus summarily discounts Vinewood's explanation that it took some time to locate a company capable of accomplishing service of process in accordance with the Hague Convention, the Court finds Vinewood's explanation acceptable.   It's not commonplace for a plaintiff located in the United States to be required to effectuate service of process on a foreign defendant in accordance with the Hague Convention and the Court is sure that not every company specializes in such a complex and expensive process to effectuate service. In fact, the federal rules of civil procedure explicitly contemplate that service of process upon foreign defendants may be of such a complex nature that the 120-day limit for service "does not apply to service in a foreign country . . . ."   *See* FED.R.CIV.P. 4(m).   Thus, the Court concludes that Vinewood has made a good faith effort to serve the defendants in this case by

attempting service through the Texas secretary of state where the defendants are registered, by attempting to garner the defendants' waiver of service, and by locating and hiring a company specializing in service of process through the Hague Convention.  The Court also concludes that Vinewood has established a reasonable basis for its failure to accomplish service by 22 September 2006.

But even if Vinewood has not established good cause, the Court is still free "to extend the time for service when a plaintiff fails to show good cause."  *Thompson,* 91 F.3d at 21.  The record clearly shows that Vinewood has not been completely dilatory in its efforts to serve the defendants and it shows that Vinewood has already expended considerable expense in attempting to serve the defendants in accordance with the Hague Convention.  Thus, even if Vinewood fails to establish good cause, the Court would still exercise its discretion and grant Vinewood its requested extension of time.

Finally, Nexus argues that Vinewood's motion should be denied because of its failure to notify the Court that Vinewood's claims in this case are currently pending arbitration.  What Nexus fails to tell the Court, however, is that the arbitration Nexus refers to lists Alpha Investment Fund I, Limited (Alpha); Islamic Investment Company of the Gulf (Bahamas) (IICGB); and Vinewood as the parties. Although Nexus claims that Alpha and IICGB are "affliated" with the defendants in this case, Nexus falls considerably short of admitting that Alpha and IICGB are either just "alter-egos" of the defendants in this case, or are in fact the same defendants.  Thus, on the face of the

arbitration proceedings, there is no indication that any decision in that arbitration would be binding on the defendants in this case.

Moreover, Nexus also fails to tell the Court that Vinewood filed an objection to the arbitration arguing there is no jurisdiction because Alpha and IICGB's initiation of the arbitration is "a sham." Vinewood claimed that "there is no dispute" between Alpha or IICGB that is subject to any arbitration agreement.  Thus, the fact that Vinewood is currently in arbitration with two parties that are not parties to this case and the fact that there is currently pending a challenge to the jurisdiction of the arbitration makes Nexus's argument regarding Vinewood's failure to notify the Court of the pending arbitration irrelevant to the resolution of Vinewood's motion.

For the foregoing reasons, the Court GRANTS Vinewood's motion to retain and for an extension of time to accomplish service of process on the foreign defendants.  Accordingly, Vinewood shall file proof of service no later than 23 January 2007.  Failure to comply with this order may result in the dismissal of this case without further notice.

SIGNED November 2, 2006.


TERRY R. MEANS
UNITED STATES DISTRICT JUDGE